UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN WHITE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No.   4:06CV1634-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Movant's motion, under 28 U.S.C. § 2255, "To Vacate, Set Aside or Correct Sentence by a person in Federal Custody" is before the Court.   The Government has responded in opposition to the relief requested, and Movant has replied.

### Background

Movant was initially charged with numerous other defendants in a 38-count indictment involving a drug distribution conspiracy.  Of the 38 counts, Movant was charged in nine.  These included a conspiracy count of distributing and possessing with intent to distribute more than one kilogram of heroin, four counts of distribution of heroin and/or cocaine, one count of possession of a firearm in furtherance of a drug-trafficking crime, two counts of felon in possession of a firearm which had traveled in interstate commerce and one forfeiture count.

Movant entered a plea of guilty to all of the counts with which he was charged.  The plea was an open plea with no agreement with the respondent.

The district court conducted an evidentiary hearing at the time of sentencing, following which the Court made certain findings and then sentenced Movant to a term of 340 months in prison on the conspiracy count 1, and a consecutive 60-month sentence for possessing a firearm in furtherance of a drug-trafficking crime for a total of 400 months.  Various sentences were levied on the six other counts which were to be served concurrently with the 340-month sentence on count 1.

The United States Court of Appeals for the Eighth Circuit affirmed the sentence. U.S. v. White, 408 F.3d 399 (8th Cir. 2005), cert den., 126 S.Ct. 674 (2005).[1]

Standard

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The standard has been defined by the United States Court of Appeals for the Eighth Circuit as follows:

"An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.)."

---

[1] Movant raised four issues on appeal. "He maintains that the court erred by interpreting his guilty plea to Count I as an admission of all the facts recited in that count and then using those facts to increase his sentence under the United States Sentencing Guidelines. He also asserts that the district court used the wrong legal standard to determine the quantity of drugs attributable to him and that the evidence does not support its finding as to drug quantity. Finally, he challenges his sentence pursuant to United States v. Booker, 125 S.Ct. 738 (2005)." These issues were all ruled against movant. White at 401.

2

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. DeJan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064, 118 S.Ct. 730, 139 L.Ed.2d 668 (1998). United States v. Villalobos, 2004 WL 2202666 (N.D. Ia.), United States v. Trotter, 2002 WL 827416 (D.Neb.), United States v. Knakmuhs, 2000 WL 34031866 (N.D. Ia.). See also Coleman v. U.S., 2005 WL 3021104 (E.D. Mo. 2005).

This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998), Matthews, 114 F.3d at 113). A defendant may surmount this procedural default only if the defendant "can show both (1) cause that excuses the default and (2) actual prejudice from the errors asserted." Matthews, 114 F.3d at 113.

Claims that were raised and decided on direct appeal ordinarily cannot be re-litigated in a § 2255 motion. U.S. v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). The exception to the rule set out in U.S. v. Wiley, supra exists only where the alleged error constitutes a fundamental defect that inherently results in the complete miscarriage of justice. United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985). Moreover, a petitioner 'cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.' Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). Even constitutional or jurisdictional claims that could have been raised on direct appeal but were not are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997)." Coleman v. United States, 2005 WL 3021104 (E.D. Mo. 2005).

## Discussion

Movant asserts that his counsel was ineffective in 13 areas. Before considering these, it is important to note the dialogue between the court and Movant at the time of the plea. Initially, Movant was made aware that his attorney may have had a conflict, yet movant stated that he wanted his attorney to "go ahead and represent (him) you in this matter." Plea Transcript, page 5 (PT, p. 5). See also PT, p. 6.

During the plea this further dialogue occurred:

"As I read to him, Ms. Van Arink earlier was your attorney and now Mr. Fleming has entered his appearance as your attorney.

I assume you're had several opportunities to go over this case with Mr. Fleming?

Mr. White: Yes, I have.

The Court: You've discussed this entire situation with him?

Mr. White: Yes, I have.

The Court: I assume you've asked for his advice and he has given you legal advice?

Mr. White: Yes.

The Court: I assume also that you are satisfied with his legal representation of you?

Mr. White: Yes." PT, p. 15.

After making certain that movant's plea was done voluntarily, the Court inquired "You've done this after extensive discussion with your attorney?" Movant answered, "Yes." PT, p. 19.

The following dialogue was had at the end of the plea:

"The Court: Now this sentencing process is somewhat complicated. Do you have any questions at all about it?

Mr. White: No, I do not.

The Court: You've discussed much of what I've set out to you with Mr. Fleming, haven't you?

| | | |
|---|---|---|
| Mr. White: | Yes. | |
| The Court: | Is there anything you and I have talked about here you do not understand? | |
| Mr. White: | No, I understand. | |
| The Court: | In view of everything that we have said, do you tell me you're still guilty of all those eight counts I read to you?" PT, pgs. 36-37. | |
| Mr. White: | Yes, I do. PT, pgs. 36-37. | |

## Ground One

Movant states "counsel failed to object to the sentence enhancements based on <u>Jones, Apprendi, Blakeley</u> or Sixth Amendment type objections. . . " Apparently, movant is referring to what is commonly called an <u>Apprendi</u>, <u>Blakeley</u>, and <u>Booker</u> argument.[2] This argument should be rejected for two reasons. First, it was raised on appeal and decided against movant. This claim may not now be raised in a § 2255 motion. <u>U.S. v. Wiley</u>, 245 F.3d 752.

Second, the position of Movant should be ruled against him on the merits. In <u>United States v. Moss</u>, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursors to <u>Blakeley</u>, <u>Apprendi v. New jersey</u>, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of <u>Teague v. Lane</u>, 489 U.S. 288 (1989) barred the retroactive application of an <u>Apprendi</u> claim on collateral review. Similar reasoning prevents <u>Blakeley</u> from being applied retroactively in this case. See <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Ibid</u> at 2523.

## Ground Two

Defense counsel failed to inform Movant that his guilty plea would encompass all of the information in the "manner and means section." This issue was raised and specifically decided on appeal. <u>U.S. v. Wiley</u>, 245 F.3d 752. The appellate court suggested that while the district court interpreted movant's guilty plea as an admission of facts

---

[2] <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); <u>Blakeley v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); <u>U.S. v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

5

recited in the manner and means portion of the indictment, which was improper, the impropriety did not affect movant's substantial rights. Again, this issue may not be re-litigated in a § 2255 proceeding. Wiley, supra.

Ground Three

White avers his counsel failed to object to the Court's calculation of drug quantities. Again, this issue was raised on appeal and decided against movant, and may not now be re-litigated in this proceeding. U.S. v. Wiley, 245 F.3d 752.

Ground Four

Movant states his counsel was ineffective in failing to insist that the Court consider § 2K2.4, n. 2 of the Sentencing Guidelines in determining how to sentence movant on Count 3 of the indictment. In Count 3 of the indictment, Movant was charged under 18 U.S.C. § 924(c)(1)(A). The penalty for that violation is a term of imprisonment of not less than five years.

Note 2(A) of § 2K2.4 requires that the term of imprisonment imposed under § 924(c) shall run consecutively to any other term of imprisonment.

Following the statute, the Guidelines and the Note, this Court sentenced Movant to the minimum term of 60 months imprisonment on Count 3 and it ran consecutively to the other terms of imprisonment. Since this Court followed the statute and the Sentencing Guidelines in sentencing the Movant on Count 3, counsel was not ineffective to request further consideration of sentencing as to this Count. There was no way to circumvent the statute.

Ground Five

Movant asserts his counsel was ineffective for failing to object to paragraph 69 of the Presentence Investigation Report. The probation officer found, and this Court agreed, that in calculating criminal history levels, Movant received three levels for a State of Missouri stealing offense as set out in paragraph 69. Movant states that since he did not serve more than one year for that offense, only two levels should have been assessed.

This point should be ruled against Movant as criminal history points are based upon the sentence pronounced and not the length of time actually served. Section 4A1.2, Application note 2, Sentencing Guidelines. See also, U.S.

v. Copeland, 45 F.3d 254, 257 (8th Cir. 1995)(assessing criminal history points is based upon the pronounced sentence and not the time served).

As Movant was sentenced to two years' imprisonment for the stealing offense, three levels were properly assessed even though the Movant may have properly served less than one year of the sentence. Accordingly, the three levels were properly assessed in the determination of the criminal history category.

## Ground Six

Movant avers that he received a 400-month sentence of imprisonment which exceeded the statutory maximum that was allowed under the conditions of his guilty plea. The Court is uncertain as to the precise nature of this complaint. Pursuant to the Sentencing Guidelines, movant had a total offense level of 36, and a criminal history category of VI which set out a range of 324-405 months imprisonment. The 60-month consecutive sentence would follow the sentence imposed by the Court within the stated range. Accordingly, the Court sentenced Movant to 340 months imprisonment on Count 1 followed by a 60-month sentence on Count 3 to run consecutive to the sentence on Count 1, or a total of 400 months imprisonment. Although movant entered pleas of guilty to the other counts in the indictment with which he was charged, the range of imprisonment for those counts was less than the 324-405 month range. The sentences as to those counts ran concurrently with the sentence given movant as to Count 1.

Title 21, U.S.C. § 841(b)(1)(A)(iii) and § 841(b)(1)(A)(i) provides a statutory range of imprisonment from 10 years to life. As the Movant entered a plea of guilty as to Count 1, the conspiracy count, 21 U.S.C. § 841(a)(1) and 846, the punishment statute requiring imprisonment from 10 years to life was applicable to the conspiracy statute. Obviously, the 400-month sentence was in the statutory range of imprisonment of 10 years to life. In addition, during the dialogue that the Court had with movant at the time of the plea, the Court expressly indicated that there could be a maximum penalty of life imprisonment as to Count 1. PT, p. 29. Accordingly, the sentence did not exceed the lifetime statutory maximum.

## Ground Seven

In this assignment, movant states that his counsel should have objected when the Court used a preponderance of the evidence standard in determining drug quantities. This argument is without merit as the preponderance of the evidence standard in finding sentencing enhancing facts is the standard required of the Court. <u>U.S. v. Garcia-Gonon</u>, 433 F.3d 587, 593 (8th Cir. 2006). In <u>Garcia-Gonon</u>, the Court stated that it was even appropriate for a district court to consider uncharged relevant conduct for the purposes of sentencing, even if it increases the sentence that would otherwise be applied as long as the sentence does not exceed the statutory maximum authorized for the charged offense. <u>Id.</u> at 593.

### Ground Eight

Movant suggests counsel was ineffective when he did not object to the indictment being insufficient in that the drug quantities were not set out.

As stated by petitioner, he was charged with the other defendants in Count 1 of the indictment of conspiring to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1). After setting out the manner and means of the conspiracy, the charge in Count 1 ended with the following assertion:

"All in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and

The quantity of heroin involved in the offense was in excess of one thousand (1,000) grams, punishable under Title 21, United States Code, Section 841(b)(1)(A)(i); and

The quantity of 'crack' cocaine (cocaine base) involved in the offense was in excess of fifty (50) grams, punishable under Title 21, United States Code, Section 841(b)(1)(A)(iii)."

As previously stated, the punishment section provides for a term of imprisonment of not less than 10 years and not more than life if the quantity of heroin involved in the offense was more than 1,000 grams and if the quantity of cocaine base was in excess of fifty (50) grams. Accordingly, Movant was sufficiently advised of the necessary quantities in Count 1 of the indictment and his attorney was not ineffective in failing to object to the purported insufficiency of the allegations.

Movant was also made aware of the allegations in the indictment during the plea dialogue. The Court paraphrased the conspiracy charge but read to movant the portion of the indictment just quoted. Counsel for movant

8

stated that while he disagreed with the accuracy of the manner and means portion of the indictment, he did acknowledge the essential elements of the offense being accurate. Movant confirmed his attorney's statement and waived the formal reading of Count 1 of the indictment and then entered a plea of guilty to that count. PT, p. 8, 9, 10 and 11.

In addition, the Court directed counsel for the government to outline what the government's evidence would have been had the case gone to trial in order to determine if there was a factual basis for the plea, and the Assistant United States Attorney sent out, in detail, this evidence. PT, p. 19 to 25. After the recitation, the Court inquired of movant if he had any quarrel with the accuracy of those facts and he responded, "No, your honor. No." and "No, I do not." PT, p. 26. Obviously, there was no doubt in movant's mind as to the nature and extent of the charges as to the conspiracy in Count 1 as well as the quantity of the illegal substances involved. His counsel was not required to make further inquiry.

## Ground Nine

Movant suggests here that his counsel was deficient in failing to object properly to the calculation of the criminal history category because of the three-level increase that was assessed, pursuant to U.S.S.G. § 3B1.1(b). That section provides that "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by three levels."

Actually, Movant's counsel through his objection and persuasion convinced the Court that three levels should be increased pursuant to § 3B1.1(b) as opposed to a four-level increase under § 3B1.1(a) which the probation officer originally thought was appropriate in the calculation of the criminal history category. Had movant been "an organizer or leader of a criminal activity that involved five or more participants" four levels would have been added. Counsel persuaded the Court that movant was only a "manager or supervisor" and not "an organizer or leader" and accordingly, three levels were added as opposed to four levels in the calculation of the criminal history category.[3]

---

[3] This issue was also considered on appeal and ruled against Movant. U.S. v. White, 408 F.3d at 403.

Movant argues that the standard the Court should have used in making this assessment should have been a reasonable doubt standard as opposed to a preponderance of the evidence standard. As previously stated, the holding in Garcia-Gonon, 433 F.3d at 593 states that the judge is only required to use a preponderance of the evidence standard. At the sentencing hearing, there was extensive evidence presented which would support the Court's ultimate finding in this area.

## Ground Ten

Movant's argument here is a restatement of some of his earlier arguments. He avers that his counsel was ineffective in objecting because the government had not provided sufficient evidence to show that Movant was responsible for the amount of drugs alleged in the indictment, and in making this finding, the Court needed to use the "beyond a reasonable doubt standard." As previously stated, the preponderance of the evidence standard was the appropriate one for the court to have followed.

Second, this issue was presented on appeal and may not now be re-litigated in this § 2255 proceeding. See, U.S. v. White, 408 F.3d at 403, 404 and 405.

As to this ground, Movant states that his counsel was ineffective for "failere (sic) to perfect the appeal and sentencing I have a affidavit to support." The Court is unable to understand the point Movant is making. The appeal was in fact perfected and heard by the Court of Appeals, as suggested in this opinion. The government in its response assumes that Movant is concerned about the statutory maximum term of improvement which is a duplication of the argument in Ground Six. Assuming the government is correct, the matter has been handled appropriately in addressing Ground Six. Otherwise, the Court is unable to ascertain the intent of movant in this Ground, and will deny it.

## Ground Twelve

Here, again, movant asserts his counsel was deficient in failing to argue that his plea was not knowingly and intelligently entered into, in violation of the Fifth and Sixth Amendments. Movant reargues the same issue as was presented on appeal in that as he disputed some of the allegations in the "manner and means" portion of the

indictment, the trial court had no authority to accept the plea. As alluded to earlier, the Court of Appeals considered this factor with particularity and determined that although the district court may have erred at the sentencing hearing by considering the allegations in the manner and means section of the indictment, the appellate court would not reverse unless the error affected movant's substantial rights. The Court found that Movant's substantial rights were not affected. See U.S. v. White, 408 F.3d at 403. The appellate court also found "Accordingly, we cannot find that the district judge's calculation of drug quantity was clearly erroneous." Id. at 405.

Finally, Movant agreed that all of the essential elements of the crime charged in Count 1 could be proved by the government. In the plea dialogue, counsel for Movant stated that Movant does not agree with all of the manner and means set out in the indictment, but that he does agree "that all essential elements of the crime charged in Count 1 would be proved by the government." At that point, the Court asked Movant if the statement was correct, and he said "Yes, it is." PT, p. 10. The Court finds, therefore, that the plea was, in fact, knowingly and voluntarily entered into by Movant and counsel was not deficient in considering further argument in this area.

## Ground Thirteen

Movant finally asserts that his counsel was ineffective in that the weapon involved was never possessed in furtherance of the conspiracy to sell drugs. The Court assumes that movant is referring to Count 3 where Movant possessed a firearm in furtherance of a drug trafficking crime. Movant avers that he did not possess any firearm during the drug transactions. This assertion comes too late.

During the plea colloquy, the Court read Count 3 to Movant and asked if he understood the charge and Movant replied that he did. He then entered a plea of guilty to the charge. PT, p. 11 and 12.

The accuracy of the plea was enforced by later dialogue between the Court and Movant and the determination of the facts involved. This dialogue ensued:

> "Mr. Delworth: The June 21st, 2001 charge, it involved both a distribution of heroin and also a firearm that was possessed by Brian White during the course of this distribution which in fact during the course of this transaction was sold by Brian White to the undercover agent, so he sold both a quantity of heroin, 10.99 grams, and as part of this transaction for the conspiracy also sold the undercover agent a firearm, specifically a Intratec

.45 caliber pistol. Brian White charged the undercover agent $1500 in cash and that represented payment both for the pistol and the heroin.

| | | |
|---|---|---|
| The Court: | Mr. White, do you have any quarrel with the accuracy of those facts? | |
| Mr. White: | No. Your Honor, no. | |
| The Court: | Sir? | |
| Mr. White: | No, I do not. | |

PT, pgs. 25-26.

The Court finds that counsel was not deficient in this area because of the admission of Movant.

## Conclusion

The Court finds that there is no reasonable probability that, but for counsel's purported unprofessional errors, the result of the proceeding would have been different. The Court finds that there is no reasonable probability that, but for counsel's alleged errors, movant would not have pleaded guilty and would have insisted on going to trial. Accordingly, Movant's request for relief should be denied.

Dated this __19th__ day of __June__, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE